IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| QUAPRIS CUANTEZ TORAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:26CV221 |
| v. | ) | 1:18CR226-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

The petitioner, a federal prisoner, submitted a Letter Motion, Docket Entry 43, seeking retroactive application of amendments to the United States Sentencing Guidelines. Defendants must bring such motions under 18 U.S.C. § 3582(c)(2), which allows for motions seeking retroactive application of certain amendments to the United States Sentencing Guidelines enacted after a defendant's sentencing. Amendments eligible for retroactive application are listed in USSG § 1B1.10(d). The petitioner's filing mentions Amendments 822 and 829, but those amendments are not listed in § 1B1.10(d), meaning he cannot seek relief under § 3582(c)(2) based on those amendments. Because the petitioner seeks to attack his sentence, and out of an abundance of caution, the Court treated the filing as one under 28 U.S.C. § 2255 which is ordinarily the appropriate method for attacking a conviction or sentence in this Court. However, the Motion cannot be further processed for the following reasons:

First, the Motion is not on the proper § 2255 form. Second, the petitioner's filing does not set out any clear grounds allowing the Court to hear his claims or reduce his sentence. He must clearly and plainly set out any claims in his Motion.

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to the petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion if he seeks to file under § 2255.[1] If the petitioner does seek to bring a claim under § 2255, he should request the proper forms from the Clerk's Office and use them to file his claims. Some of the petitioner's arguments also suggest that he may be seeking compassionate release under § 3582(c)(1)(A)(i). If so, he should

---

[1] Because the petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if the petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, the petitioner should act carefully in resubmitting a motion. *See generally Castro v. United States*, 540 U.S. 375 (2003). If the petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations or procedural default in this case, the parties can litigate those issues following any refiling by the petitioner. If the petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, the petitioner may choose not to submit a motion, in which case his claims will not be considered further.

file a motion under that statute after exhausting any administrative remedies within the United States Bureau of Prisons.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to the petitioner promptly filing a corrected motion on the proper § 2255 forms or seeking compassionate release.

This, the 26th day of March, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge

Case 1:18-cr-00226-DAB    Document 44    Filed 03/26/26    Page 3 of 3